**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAPSER EARL FOSTER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-12-CA-678-SS** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 and Memorandum of Law in Support. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 274th Judicial District Court of Hays County, Texas. Petitioner was convicted of murder and

was sentenced to 80 years in prison on November 21, 2005.  Petitioner's conviction was affirmed

on May 17, 2007.  Foster v. State, No. 03-05-00801, 2007 WL 1451997 (Tex. App. – Austin 2007,

pet. ref'd.).  Petitioner was granted leave to file an out-of-time petition for discretionary review.

Petitioner's petition for discretionary review was refused on August 19, 2009.  Foster v. State, No.

PD-0131-09 (Tex. Crim. App. 2009).   Petitioner claims he attempted to file a petition for writ of

certiorari with the Supreme Court on November 17, 2009, but it was returned to him on January 15,

2010, pursuant to Rules 13.5 and 29.5 of the Supreme Court Rules.

Petitioner also challenged his conviction in a state application for habeas corpus relief filed

on November 3, 2010.[1]  The Texas Court of Criminal Appeals denied it without written order on

January 5, 2011.  Ex parte Foster, Appl. No. 69,550-03 at cover.[2]

**B.**     **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.     He received ineffective assistance of counsel because counsel did not present an insanity defense at trial;

2.     He received ineffective assistance of counsel when counsel failed to properly object to trial errors to preserve issues for appellate review; and

3.     The trial court abused its discretion in denying Petitioner's request for a lesser included charge.

---

[1] Petitioner mistakenly claims his state application was filed on October 28, 2010, the date he placed it in the prison mail system for mailing. The Fifth Circuit Court of Appeals has declined to extend the mailbox rule to the determination of filing dates for state habeas applications. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

[2] A copy of the state court records obtained from the Court of Criminal Appeals electronically is attached to this Report and Recommendation as an appendix.

## II.  DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.      Application**

Petitioner's conviction became final on November 17, 2009, at the conclusion of the time during which he could have filed a petition for writ of certiorari with the United States Supreme Court.  See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").  The

limitations period was tolled during the pendency of Petitioner's state application for habeas corpus relief. Petitioner's state application was filed on November 3, 2010. Ex parte Foster, Appl. No. 69,550-03 at 1. At the time Petitioner filed his state application only 14 days remained of the one-year limitations period. The Texas Court of Criminal Appeals denied the state application on January 5, 2011. Id. at cover. Therefore, Petitioner had until January 19, 2011, to timely file his federal application. Petitioner did not execute his federal application until July 19, 2012, more than a year after the limitations period expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.[3]

## III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

---

[3] The Court notes even if it considered Petitioner's conviction final on January 15, 2010, the date Petitioner claims his petition for writ of certiorari was returned him, his federal application would still be time-barred by more than a year. In that case, Petitioner would have had 73 days remaining of the one-year limitations period when the Texas Court of Criminal Appeals denied his state application, making his federal application due March 19, 2011.

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

### V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.

<u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>See</u> 28 U.S.C. § 636(b)(1)(C);  <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

# APPENDIX

Scanned Jan 05, 2011

## *CCA Scanning Cover Sheet*



2429085

CaseNumber: WR-69,550-03
EventDate: 12/09/2010
Style 1: Foster, Jasper Earl
Style 2:
Event code: WRIT RECEIVED

EventID: 2429085
Applicant first name: Jasper Earl
Applicant last name: Foster
Offense: 19.02
Offense code: Murder
Trial court case number: CR-04-870-B
Trial court name: 22nd District Court
Trial court number: 321050022
County: Hays
Trial court ID: 1094
Event map code: FILING
Event description: Application for Writ of Habeas Corpus - 11.07
Event description code: WRIT
Remarks:

| ☐ *Document Scanned* | | ☐ *Created or* |
| --- | --- | --- |
| | | ☐ *Appended* |
| *Scanned by* | *date* | *Image ID* |
| *Comment* | | |

**APPLICANT: <u>JASPER EARL FOSTER</u>**          **APPLICATION NO. <u>WR-69,550-03</u>**


## APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS


### ACTION TAKEN

**DENIED WITHOUT WRITTEN ORDER.**

_____          _____
**JUDGE**                                    **DATE**

January 5, 2011

## APPLICATION FOR WRIT OF HABEAS CORPUS
## FROM
## THE __22ND__ DISTRICT COURT OF
## HAYS COUNTY
## AT SAN MARCOS, TEXAS

EX PARTE:   JASPER EARL FOSTER

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC -9 2010

## CLERK'S SUMMARY

Louise Pearson, Clerk

TRIAL COURT WRIT NO. __CR-04-870-B__

APPLICANT'S NAME: __JASPER EARL FOSTER__     (as reflected on the judgment)

OFFENSE: __MURDER - HABITUAL FELON__     (as described in the judgment)

CAUSE NO.: __CR-04-870__     (as reflected in the judgment)

SENTENCE: __EIGHTY (80) YEARS TDCJ__     (as described in the judgment)

DEFENDANT'S PLEA: __NOT GUILTY/TRUE__     DATE SENTENCED: __NOVEMBER 21, 2005__

JUDGE'S NAME: __GARY STEEL__     (Judge Presiding at Trial)

APPEAL NO: __03-05000801-CR__ (if judgment was appealed) CITATION TO OPINION: _____ S.W.2d

HEARING HELD: ___YES _X_ NO   FINDINGS & CONCLUSIONS FILED: ___YES _X_ NO

(pertaining to application for writ)

RECOMMENDATION: ___GRANT _X_ DENY ___NONE (Trial Court's recommendation regarding Application)

JUDGE'S NAME: __GARY STEEL__     (judge presiding over habeas proceeding)


Delivered by mail to the Court of Criminal Appeals at Austin, Texas on the __8TH__ day of __DECEMBER__ , __2010__.

CECELIA ADAIR
District Clerk, Hays County, Texas

By: _____
Deputy

------------------------------------------------------------------

INDEX

------------------------------------------------------------------

APPLICATION FOR A WRIT OF HABEAS CORPUS
            FILED NOVEMBER 3, 2010 ................................. 1

WAIVER OF SERVICE (WRIT OF HABEAS CORPUS)
            FILED NOVEMBER 4, 2010 ................................ 13

STATE'S ANSWER TO APPLICATION FOR WRIT OF HABEAS CORPUS
            FILED NOVEMBER 16, 2010 ............................. 14

ORDER   TO   DENY   APPLICATION   FOR   WRIT   OF   HABEAS   CORPUS
        (SUBSEQUENT APPLICATION)
            SIGNED NOVEMBER 30, 2010 ........................... 16

CLERK'S CERTIFICATE UNDER ART. 11.07, SEC. 2(C), C.C.P.......... 17

Case No. **CR-04-870-B**

(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

**NAME:** Jasper Earl Foster

**DATE OF BIRTH:** May,04,1963

**PLACE OF CONFINEMENT:** TDCJ-3001 South Emily dr Beeville,Texas 78102

**TDCJ-CID NUMBER:** #1338910          **SID NUMBER:** 03858925

**(1)** This application concerns (check all that apply):

- ☒ a conviction
- ☐ parole
- ☒ a sentence
- ☐ mandatory supervision
- ☐ time credit
- ☒ out-of-time appeal or petition for discretionary review

**(2)** What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

274th Judicial District Hays County,Texas

**(3)** What was the case number in the trial court?

#CR2004-870

**(4)** What was the name of the trial judge?

Gary L.Steel

Revised: March 5, 2007

# FILED

10 NOV -3 PM 2: 17

*Cecelia ...*
**DISTRICT CLERK**
**HAYS COUNTY, TEXAS**

000001

(5)  **Were you represented by counsel? If yes, provide the attorney's name:**

   Amanda McDaniel

(6)  **What was the date that the judgment was entered?**

   November 21st 2005

(7)  **For what offense were you convicted and what was the sentence?**

   First Degree Murder/80years

(8)  **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

   N/A

(9)  **What was the plea you entered?** (Check one.)

   ☐ guilty-open plea          ☐ guilty-plea bargain
   ☒ not guilty               ☐ *nolo contendere*/no contest

   **If you entered different pleas to counts in a multi-count indictment, please explain:**
   N/A

(10)  **What kind of trial did you have?**

   ☐ no jury                  ☒ jury for guilt and punishment

   ☐ jury for guilt, judge for punishment

(11)  **Did you testify at trial? If yes, at what phase of the trial did you testify?**

   Yes-Punishment Phase

(12)  **Did you appeal from the judgment of conviction?**

   ☒ yes                      ☐ no

2

000002

**If you did appeal, answer the following questions:**

(A)   **What court of appeals did you appeal to?** Third Court.Austin Texas

(B)   **What was the case number?** #03-05-00801-CR

(C)   **Were you represented by counsel on appeal? If yes, provide the attorney's name:**
Rickey Jones 3912 Arroyo Dorado Schertz,TX.78254

(D)   **What was the decision and the date of the decision?** Affirmed/05-17-07

(13)   **Did you file a petition for discretionary review in the Court of Criminal Appeals?**

☑ yes                    ☐ no

**If you did file a petition for discretionary review, answer the following questions:**

(A)   **What was the case number?** AP-76,064

(B)   **What was the decision and the date of the decision?** Denied/ 08/19/09

(14)   **Have you previously filed an application for a writ of habeas corpus under Atricle 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?**

☒ yes                    ☐ no

**If you answered yes, answer the following questions:**

(A)   **What was the Court of Criminal Appeals' writ number?** WR-69,550-01

(B)   **What was the decision and the date of the decision?** Dismissed 03-19-08

(C)   **Please identify the reason that the current claims were not presented and could not have been presented on your previous application.**

Application was not compliant with Texas Rule of Appellate

Procedure 73.1

3

000003

_____

_____

(15)   Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☒ no

If you answered yes, please provide the name of the court and the case number:

N/A _____

(16)   If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☒ no

If you answered yes, answer the following questions:

(A)   What date did you present the claim?   N/A

(B)   Did you receive a decision and, if yes, what was the date of the decision?

N/A _____

If you answered no, please explain why you have not submitted your claim:

N/a _____

_____

_____

_____

_____

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. you must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

000004

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

**GROUND ONE:**

INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

**FACTS SUPPORTING GROUND ONE:**

Counsel failed to PRESENT Applicant's ONLY VIABLE DEFENSE at trial eventhough counsel was aware of INFORMATION that showed that there was but one defense available to the accused through counsel's interview of the States witness Shirley Rivers and Dr. Jensen, if counsel had actually interviewed Dr. Jensen, that provided evidence that the accused had suffered a mental breakdown and was suffering from TEMPARY INSANITY at the time of the offense.

6

000006

Misc. Docket No. 06-103              Page 7 of 13              ATC 11.07 (Rev. 03-05-07)

**GROUND TWO:**

INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

**FACTS SUPPORTING GROUND TWO:**

Counsel failed to properly object to trial errors ant not only failed to preserve the errors for appellate review but also failed to cure the harm caused by the errors. counsel's at trial raised fifty-four objections at tha trial of this Applicant, however in thirty- two of these objections counsel's failed to follow the proper proceedure for objecting to trial errors and therefore failed to not only preserve errors for appellate review but also failed to cure any harm caused by the errors thereby depriving the Applicant of a fair trial.

7

000007

**GROUND THREE:**

INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

**FACTS SUPPORTING GROUND THREE:**

Counsel provided the Applicant erroneous advice that coused the Applicant to be assed a harsher punishment than was otherwise applicable to this case. Counsel advised the Applicant to plead true to the enhancement paragraphs in the indictment without having conducted even a limited investigation into the evidence to be presented to prove the enhancement charges, An investigation would have shown that the fingerprients being relied on to prove one of the pen packets were not identifiable and the State would have had to produce further evidence to support the enhancement charge to have the Applicant punished as a habitual offender and therefore the punishment range of the Applicant was assessed at a much higher range than was applicable in this case due to counsel's having advised the Applicant to plea true to the enhancement charge.

8

000008

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9

000009

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HEY MAY BE ENTITLED IN THIS PROCEEDING.**

Misc. Docket No. 06-103              Page 11 of 13              ATC 11.07 (Rev. 03-05-07)

**VERIFICATION**

(Complete **EITHER** the "oath before a notary public" **OR** the "inmate's declaration.")

## OATH BEFORE NOTARY PUBLIC

STATE OF TEXAS, COUNTY OF _____.

_____, BEING FIRST DULY SWORN, UNDER OATH, SAYS:

THAT HE/SHE IS THE APPLICANT IN THIS ACTION AND KNOWS THE CONTENT OF

THE ABOVE APPLICATION AND ACCORDING TO APPLICANT'S BELIEF, THE FACTS

STATED IN THE APPLICATION ARE TRUE.

_____

Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____.

_____

Signature of Notary Public

## INMATE'S DECLARATION

I, __Jasper Earl Foster_____, BEING PRESENTLY

INCARCERATED IN TDCJ-McConnell Unit_____, DECLARE UNDER

PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN

THE APPLICATION ARE TRUE AND CORRECT.

SIGNED ON October, 28, 2010_____.

_Jasper Earl Foster_

Signature of Applicant

11

000011

Misc. Docket No. 06-103            Page 12 of 13            ATC 11.07 (Rev. 03-05-07)

_____

Signature of Attorney

Attorney Name: ____N/A_____

SBOT Number: _____

Address:        _____

                _____

                _____

Telephone:      _____

000012

12

Misc. Docket No. 06-103          Page 13 of 13          ATC 11.07 (Rev. 03-05-07)

Writ No:  CR-04-870-B                         22ND JUDICIAL DISTRICT

Ex Parte: Jasper Earl Foster                  HAYS COUNTY, TEXAS

## WAIVER OF SERVICE
### (Writ of Habeas Corpus)

     Now comes Sherri Tibbe, Criminal District Attorney of Hays County, Texas and hereby acknowledges that she has on this the 4th day of November, 2010, received from the District Clerk a copy of the Petition for Writ of Habeas Corpus filed in the above entitled and numbered cause and he hereby waives delivery to her of said petition by certified mail.

     It is hereby acknowledged that the answer to this petition, if any, will be filed within 15 days from this date.

Sherri Tibbe
Hays County District Attorney

By: _Analisa Garcia_

Title: _Paralegal_

## FILED

10 NOV -4  PM 1: 45

_Cecilia Adam_
DISTRICT CLERK
HAYS COUNTY. TEXAS.

000013

CAUSE NO. CR-04-870-B

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE DISTRICT COURT OF** |
| | § | **HAYS COUNTY, TEXAS** |
| **JASPER E. FOSTER** | § | **22ND JUDICIAL DISTRICT** |

## STATE'S ANSWER TO
## APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes the State of Texas by and through her Criminal District Attorney in the above entitled and numbered cause and respectfully makes answer as follows:

**I.**

Respondent generally and specially denies each and every allegation of fact made by Applicant and therefore demands strict proof of the same.

**II.**

Respondent has custody of Applicant pursuant to judgment and sentence of the 22nd Judicial District Court of Hays County, Texas, in this cause, wherein Applicant was convicted of the offense of MURDER (ENHANCED) and sentenced to confinement in the Texas Department of Criminal Justice- Institutional Division for eighty (80) YEARS.

**III.**

Respondent would show that Applicant's Petition for Writ of Habeas Corpus filed herein is insufficient as a matter of law for the following reasons, to wit:

(1) The application contains no unresolved facts material to the applicant's confinement.

(2) The application contains no sworn allegation of facts which if true would render his confinement illegal.

(3) The application does not satisfy article 11.07(4) of the Code of Criminal Procedure.

Applicant does not contest the facts in this case. Petitioner's application does not assert new facts, which if true would render his conferment illegal.

**Response to Grounds 1 (No valid reason for not raising issues in first Application & first writ is pending)**

The Texas Code of Criminal Procedure, article 11.07 requires the following:

**Art. 11.07. PROCEDURE AFTER CONVICTION WITHOUT DEATH PENALTY.**

FILED

2010 NOV 16  AM 10: 04

000014

Sec. 1. This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death.

Sec. 4. (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

(b) For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.

(c) For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

The Petitioner fails to allege additional claims and, if such claims are raised herein, Petitioner does not state a valid reason for not presenting the additional claims in his first application. *Ex Parte Whiteside*, 12 S.W.3d 819 (Tex. Crim. App. 2000). Under these circumstances, the Petitioner's application should be denied.

## IV.

Wherefore, premises considered, Respondent respectfully prays the Court to deny after a hearing all relief requested other than the issuance of the writ of habeas corpus, returnable to the Court of Criminal Appeals by operation of law.

_____

Attorney for State

000015

CAUSE NO. CR-04-870-B

| | | |
|---|---|---|
| EX PARTE: | § | IN THE DISTRICT COURT |
| | § | |
| | § | HAYS COUNTY, TEXAS |
| | § | |
| JASPER EARL FOSTER | § | 22ND JUDICIAL DISTRICT |

### ORDER TO DENY APPLICATION FOR WRIT OF HABEAS CORPUS
(Subsequent Application)

On this day was considered the Application for Post Conviction Writ of Habeas Corpus filed herein by the Applicant, and after reviewing the application, and the authority relied upon, it is the opinion of the Court that there are no claims and issues that could not have been presented previously in an original application; that no factual or legal basis for the claim was unavailable on the date the applicant filed the previous application. The Court further finds that said Application should be DENIED.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that no Writ of Habeas Corpus shall issue, no hearing conducted, and no requested relief granted.

It is further ORDERED that the clerk forward a copy of the Application for Writ of Habeas Corpus and this Order to the Court of Criminal Appeals and mail a copy of this order to the applicant.

SIGNED this _30th_ day of November, 2010.

GARY STEEL, Judge Presiding

Copy Mailed to Defendant on _12-1-10_

By _____ Deputy

VOL512 PG 0367

FILED

2010 DEC -1  AM 10: 06

DISTRICT CLERK
HAYS COUNTY, TEXAS

000016

-------------------------------------------------------------------

CLERK'S CERTIFICATE UNDER ART. 11.07, SEC. 2(C), V.A.C.C.P.

-------------------------------------------------------------------

|                              | §   | IN THE _22ND_ DISTRICT COURT |
|------------------------------|-----|------------------------------|
| EX PARTE: _JASPER EARL FOSTER_ | §   |                              |
|                              | §   | OF HAYS COUNTY, TEXAS        |

This is to certify that the above numbered and entitled post conviction application for writ of habeas corpus was filed in this court on the _3RD_ day of _NOVEMBER_ , _2010_, and that a copy of said petition was served upon the district attorney's office the _4TH_ day of _NOVEMBER_ , _2010_; that further, as clerk of this court, I hereby certify that on the _30TH_ day of _NOVEMBER_ , _2010_, the Court entered its order and finding that there are no previously unresolved facts material to the legality of the applicant's confinement and that the application for writ of habeas corpus be overruled.

Given under my hand and seal of office at San Marcos, this _7TH_ day of _DECEMBER_ , .



CECELIA ADAIR
Clerk, District Courts, Hays County
Texas

By: _____
Deputy

000017